IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAUL GARCIA, | ) | CASE NO. 1:16 CV 920 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

Before me[1] is a matter that essentially involves the denial of Garcia's request for a waiver from recovery of an overpayment of disability benefits. Garcia had argued that he was not at fault for the overpayment because his erroneous answer to a question on his disability application was due to understandable confusion about the exact question being raised. The ALJ agreed with Garcia, finding him credible in his claim of confusion. But, on appeal the Appeals Council reversed the decision of the ALJ and concluded Garcia should have understood the question on his application, finding that the ALJ's assessment of Garcia's credibility was flawed because the ALJ did not articulate specific reasons for finding Garcia credible given how his testimony was at odds with other evidence of record.

This case is different from the vast majority of cases where the reviewing court must determine if the ALJ's decision is supported by substantial evidence and where the ALJ's judgment as to a claimant's credibility is entitled to considerable deference. In such cases,

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge James S. Gwin by non-document order dated April 18, 2016.

the standard of review to be applied by the reviewing court is clear and case authority regarding its application are numerous.

Here, the question is whether the agency's Appeals Council properly overruled the ALJ's credibility finding in a *de novo* decision that, on its face, gives no deference to the credibility finding of the ALJ nor of itself provides the standard of review to be followed by the Appeals Council in making such a determination.

It is important to note from the beginning that when the Appeals Council issues a decision, it is that decision which is the final decision of the Commissioner that is then subject to judicial review.[2] As Judge Katz succinctly stated in *Olive v. Commissioner*,[3] "[a]fter the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court."[4] And, if upon review by the federal court the decision of the Appeals Council is supported by substantial evidence, " the Commissioner's decision must be affirmed, even if a reviewing court would decide the matter differently."[5] In that regard, it is clear that the federal

---

[2]See 20 C.F.R. §§ 404.981, 404.697, 420.210(a); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986)(en banc).

[3]*Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416 (N.D. Ohio Sept. 19, 2007). *Olive* also involves a credibility finding by the ALJ that was reviewed by the Appeals Council. But, in that case, the council denied review, effectively affirming the ALJ without opinion.

[4]*Id*. at * 2 (citations omitted).

[5]*Id*. (citations omitted).

reviewing court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."[6]

In sum, when the federal court reviews a decision of the Appeals Council, it is that decision, not the prior decision of the ALJ, which is before the court. And the standard for reviewing that decision is whether it is supported by substantial evidence. That said, a decision by the Commissioner involving the credibility of the claimant requires that the Commissioner explain the credibility finding with sufficient specificity so as to make it clear to the claimant and to any subsequent reviewers the weight given to the claimant's statements and the reasons given for that weight.[7]

Here, the Appeals Council focused its analysis on flaws in the ALJ's reasoning.[8] Specifically, the Appeals Council noted that the claimant's hearing testimony was in conflict with multiple exhibits in the record, particularly citing the claimant's answers to the March 2013 workers compensation questionnaire and the March 2014 questionnaire from the Social Security Administration.[9] The Council further noted that the record evidence showed that

---

[6]*Ward v. Commissioner*, 2016 WL 4468009, at * 19 (N.D. Ohio Aug. 24, 2016)(citation omitted).

[7]*Olive*, 2007 WL 5403416, at * 3 (citations omitted). Although this portion of the regulations arises under a section addressing the evaluation of symptoms, the determination that a claimant was without fault under Sections 204(b) and 1870(c) is essentially a credibility assessment. *Whiteman v. Bowen*, 640 F.Supp.2d 992, 996 (S.D. Ohio 1986).

[8]Tr. at 10-11.

[9]*Id*. at 10 (citing record).

the claimant was incorrect in testifying that he had reported receipt of workers compensation payments to the Social Security Administration or that he had submitted two payment statements to the Social Security Administration during the application process.[10] In this regard, the Appeals Council found that the ALJ was incorrect in stating that the record did not contain information that would refute the claimant's assertion that he informed the Social Security Administration of the his workers compensation payments when he filed the application for disability benefits.[11]

In addition, the Appeals Council found that the ALJ was incorrect in stating the period and amount of the overpayment.[12]

From these findings, the Appeals Council concluded that the claimant made incorrect statements regarding his receipt of workers compensation payments "which he knew or should have known were incorrect."[13] Further, the Appeals Council found that the claimant failed to furnish information about his receipt of workers compensation payments which he knew or should have known were material to his claim, and accepted these payments which he knew or "could have been expected to know" were incorrect.[14]

---

[10]*Id.*

[11]*Id.*

[12]*Id.*

[13]*Id.* at 11.

[14]*Id.*

Thus, the Appeals Council concluded that Garcia was not without fault in causing the overpayment and that overpayment cannot be waived.[15] In such a situation, the Appeals Council observed that, under the relevant regulations, additional review is not needed as to whether recovery of the overpayment would defeat the purpose of the act or be against equity and good conscience.[16]

Mindful, as noted above, that this Court on judicial reviews does not try matters *de novo* or itself decide questions of credibility, and that the Commissioner's findings on credibility are to be accepted if those findings are set forth with sufficient specificity so as to make clear the findings themselves and the reasons for those findings. The Commissioner's finding that Garcia was not without fault as to the overpayment was clearly stated, supported by citations to the record, and articulated with sufficient specificity so as to permit meaningful judicial review.

Under the applicable standard of review in this Court, discussed above, I recommend finding that the decision of the Commissioner, as set forth in the opinion of the Appeals Council, be affirmed as supported by substantial evidence.

Dated: July 26, 2017    s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[15]*Id*.

[16]*Id*.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[17]

---

[17]*See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).