UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
                                        :
RAUL GARCIA,                            :    CASE NO. 1:16-CV-920
                                        :
         Plaintiff,                     :
                                        :
    vs.                                 :    OPINION & ORDER
                                        :    [Resolving Docs. 1, 18]
COMMISSIONER                            :
OF SOCIAL SECURITY,                     :
                                        :
         Defendant.                     :
                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Commissioner of Social Security sought return of a disability benefit overpayment to Plaintiff Raul Garcia. An Administrative Law Judge granted Plaintiff Garcia's request for waiver of repayment, but the Appeals Council overturned the waiver.

On April 18, 2016, Plaintiff Garcia brought a claim to reverse the denial of his request for a waiver.[1] On July 26, 2017, Magistrate Judge William H. Baughman, Jr., recommended affirming the Commissioner's decision.[2] Plaintiff Garcia filed timely objections.[3]

For the reasons stated below, this Court **DENIES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Recommendation, and **AFFIRMS** the Appeals' Council's decision.

**I.     Background**

In January 2012, Plaintiff Raul Garcia applied for disability insurance benefits.[4] The Administration says Garcia represented that he had filed for workers' compensation but was not

---

[1] Doc. 1. The Commissioner of Social Security answered. Doc. 9.
[2] Doc. 18.
[3] Doc. 19.
[4] Doc. 14-1.

receiving benefits at that time.[5] Workers' compensation benefits generally offset disability income.

Garcia had filed workers' compensation claims for four separate injuries: (1) September 2008, (2) February 2010; (3) August 2011; and (4) October 2011.[6] Garcia says he disclosed that he was receiving payments for his October 2011 injury but his other claims were pending.[7]

In April 2012, Defendant Commissioner of Social Security issued its Notice of Award finding Garcia disabled and entitled to benefits beginning in April 2012.[8]

The Administration continued to follow up with Plaintiff Garcia about his workers' compensation claims. In July 2012, Garcia responded to a social security questionnaire regarding his workers' compensation claim. Garcia states that he believed the questionnaire concerned the February 2010 injury claim for which he was not yet receiving payments.[9] Therefore, Garcia responded that he was not receiving workers' compensation payments.

Garcia made similar representations in March 2013.[10]

In March 2014, Garcia admitted receipt of workers' compensation payments since October 2012.[11] After a follow-up inquiry the same month, Garcia admitted he had been receiving workers compensation payments as early as December 2011.[12]

Around that time, Defendant Commissioner reached out to the Office of Workers' Compensation Programs. Defendant confirmed that Plaintiff received workers' compensation payments from December 2011 through February 2013.[13]

---

[5] Doc. 12 at 3; Doc. 14 at 2.
[6] Doc. 12 at 4.
[7] Admin. Tr. at 20.
[8] Doc. 12 at 4; Doc. 14 at 3.
[9] Doc. 12 at 4-5; Tr. at 9
[10] *Id*.
[11] Tr. at 9.
[12] *Id*.
[13] *Id.*

Case No. 1:16-CV-920
Gwin, J.

Thereafter, Defendant Commissioner notified Garcia that it had overpaid him and sought recovery of $37,425.40.[14] Garcia requested a waiver of a majority of that repayment under 20 C.F.R. §404.506.[15] Under 20 C.F.R. §404.506, an overpayment may be waived if the recipient is "without fault in causing the overpayment and that adjustment or recovery would either defeat the purpose of title II of the Act or be against equity and good conscience."[16]

After initial review, Garcia's request was denied. Garcia then asked for a hearing before an administrative law judge ("ALJ").[17]

At a July 2015 hearing before the ALJ, Garcia did not dispute that there was an overpayment. However, he testified that during the February 2012 application and interview process, he told the intake worker that he was receiving monthly workers' compensation for his October 2011 injury.[18] Garcia says he also gave the intake worker two workers' compensation payment statements from 2011.[19]

Garcia testified that the interviewer told him his record would be updated to reflect the October 2011 injury compensation payments.[20] The record does not contain those statements.[21]

Garcia also testified that because he believed his file was updated according to the October 2011 injury payments, he thought the July 2012 and March 2013 questionnaires inquired as to whether he was yet receiving payments for his February 2010 injury.[22] Garcia said that

---

[14] Doc. 12 at 6; Tr. at 9.
[15] Tr. at 10.
[16] 20 C.F.R. §404.506(a-c) (internal citations omitted).
[17] Tr. at 10.
[18] Tr. at 20.
[19] *Id*.
[20] *Id*.
[21] *Id*.
[22] *Id*.

-3-

Case No. 1:16-CV-920
Gwin, J.

because he was not receiving benefits for that injury at that time, he answered that he had not received workers' compensation on the March 2013 questionnaire.[23]

The ALJ found Garcia's confusion reasonable. The ALJ stated that because Garcia was "without fault in creating [the] overpayment," recovery was waived.[24]

The Appeals Council then considered Garcia's case and disagreed with the ALJ's finding. The Appeals Council found Garcia's testimony unreliable due to his statements in the July 2012 and March 2013 questionnaires that he had not received workers' compensation.[25] The Council also found that, contrary to Garcia's testimony, Garcia had not submitted records of his workers' compensation payments or payment statements to the administration.[26]

Following the Appeals Council's adverse decision, Plaintiff Garcia brought a claim in this Court. Garcia argues that the Appeals Council should have been more deferential to the ALJ's decision.[27]

On July 26, 2017, Magistrate Judge William H. Baughman, Jr., recommended affirming the Commissioner's decision.[28] Magistrate Judge Baughman reasoned that the Appeals Council's decision was the final decision of the Commissioner, and therefore the decision under review by this Court. Magistrate Judge Baughman found that the Appeals Council's decision "was clearly stated, supported by citations to the record, and articulated with sufficient specificity so as to permit meaningful judicial review."[29]

Plaintiff Garcia filed three objections to the R&R. Garcia argues that (1) the Appeals Council erred as a matter of law by reviewing the ALJ's decision *de novo*; (2) the Appeals

---

[23] Doc. 12 at 7-8.
[24] Tr at 21; Doc. 12 at 8.
[25] Tr. 10; Doc. 18 at 3-4.
[26] Tr. 10; Doc. 14 at 4; Doc. 12 at 8-9.
[27] Doc. 12 at 10.
[28] Doc. 18.
[29] *Id*. at 5.

-4-

Case No. 1:16-CV-920
Gwin, J.

Council erred as a matter of law when it did not afford great deference to the ALJ's assessment that Plaintiff's testimony was credible; and (3) the Appeals Council erred in reversing the ALJ as a matter of law because the ALJ's decision was supported by substantial evidence.[30]

## II. Legal Standard

In reviewing the Administration's benefit decision under the Social Security Act, a district court reviews whether the decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[31] Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[32]

A district court is limited in what it can review. Specifically, a district court should not try to resolve "conflicts in evidence or decide questions of credibility."[33] A district court also may not reverse the decision when substantial evidence supports it, even if the court would have made a different decision.[34]

Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[35] This Court cannot reverse the decision, even if substantial record evidence would have supported an opposite conclusion, so long as substantial evidence supports the Administration's conclusion.[36]

## III. Discussion

This Court reviews each of Garcia's objections *de novo*.[37]

---

[30] Doc. 19 at 2.
[31] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[32] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).
[33] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[34] *See Siterlet v. Sec. of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that the ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[35] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[36] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).
[37] 28 U.S.C. § 636(b)(1) (requiring *de novo* review of claimant's objections to a report and recommendation).

### A. Appeals Council Standard of Review

Plaintiff Garcia first argues that the Appeals Council failed to apply the correct standard when it reviewed the ALJ's decision. Garcia says the R&R improperly ignored this argument.

In his decision, the ALJ found that Plaintiff Garcia was not at fault for the overpayment of his benefits.[38] The Appeals Council notified Plaintiff Garcia that it would review whether the decision was "supported by substantial evidence."[39]

Under 20 C.F.R. § 404.970(a)(3), the Appeals Council considers whether "[t]he action, findings or conclusions of the administrative law judge are not supported by *substantial evidence*."[40] Garcia says that the Appeals Council conducted *de novo* review of the ALJ's decision when it should have applied a substantial evidence standard.

In its decision, the Appeals Council states that "the evidence of record does not support" the ALJ's fault finding.[41] Plaintiff says that leaving out the word "substantial" before "evidence" is fatal to the Appeals Council's decision.[42]

This Court disagrees and finds that the Appeals Council reviewed for substantial evidence.

Rather than combing through the evidence on its own, the Appeals Council identified particular faults in the ALJ's analysis. For example, the ALJ found that "the record does not contain the proper documentation to refute [Plaintiff's assertions]" that he "he informed the Social Security administration about his Workers' Compensation payments."[43]

---

[38] Tr. at 19-21.
[39] Tr. at 296.
[40] 20 C.F.R. § 404.970(a)(3) (emphasis added).
[41] Tr. at 11.
[42] Doc. 19 at 7.
[43] *Id*. at 21.

The Appeals Council responded to the ALJ's finding by identifying particular documents in the record that counter Plaintiff's assertions. For example, the Appeals Council found that the Administration followed certain guidelines to obtain verification of whether Plaintiff was receiving payments.[44] Those guidelines require the Administration to contact Plaintiff to determine whether he was receiving workers' compensation payments.[45] Those contact forms appear in the file, namely the July 2012 and March 2013 questionnaires. Had the Administration known Plaintiff was receiving payments, they would not have followed those procedures.

Instead of conducting its own *de novo* review of the record, the Appeals Council's decision addresses a specific issue with the ALJ's review of the evidence.

The Appeals Council also gave reason to discredit the ALJ's finding that Plaintiff Garcia initially disclosed his workers' compensation payments in his February 2012 intake interview.[46] Garcia had testified that he told the interviewer about the payments, but the file did not reflect the update.[47]

For the Appeals Council's review, Plaintiff Garcia submitted some additional evidence, including four Office of Workers' Compensation letters regarding his four injuries and claims.[48] The Appeals Council found that the Administration had possession of those letters in February 2012,[49] suggesting Plaintiff Garcia provided them to the intake interviewer.

But while the letters show that Garcia disclosed his workers' compensation claims, they do not include any notations of payments. The Appeals Council found that the letters' lack of

---

[44] Tr. at 10 ("[T]he Administration followed the guidelines set forth in [Program Operations Manual Systems] DI 52115.010, 52145.001-52145.015.").
[45] *See, e.g.*, POMS 52145.001(F)(1) (instructing the Administration to contact the beneficiary to verify workers' compensation payments and "submit verification as soon as possible to avoid incorrect payments") *available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0452145001https://secure.ssa.gov/apps10/poms.nsf/lnx/0452145001*.
[46] Tr. at 20.
[47] *Id.*
[48] Tr. at 10.
[49] *Id.*

Case No. 1:16-CV-920
Gwin, J.

payment information discredited Garcia's testimony that he told the intake interviewer he was already being paid.[50]

The Court finds that the Appeals Council applied the substantial evidence standard of review and rejects Plaintiff's first objection.

### B. Deference to the ALJ's Credibility Determination

Second, Plaintiff Garcia argues that the Appeals Council failed to defer to the ALJ's conclusion that Garcia's testimony was credible. The Appeals Council is not required to defer to the ALJ's credibility determination.[51] "[I]f an Appeals Council decides to reject the credibility findings of an administrative law judge, or to disregard testimony which was clearly central to the administrative law judge's determination, it should do so expressly, identifying the considerations which led it to its conclusion."[52]

Here, the Appeals Council expressly stated that "an audit of the [ALJ] hearing reveals that [Plaintiff's] testimony is not consistent with the evidence of record."[53] As discussed above, the Appeals Council reviewed particular evidence that it found discounted Plaintiff's testimony. Therefore, the Court rejects Plaintiff's second objection.

### C. Substantial Evidence

Last, Plaintiff argues that the ALJ's decision was supported by substantial evidence and should have been affirmed by the Appeals Council. But this Court does not review whether the ALJ's decision was adequate. "It is well settled that final action *by the Appeals Council* becomes [] the final determination of the Secretary for purposes of judicial review."[54] Therefore,

---

[50] *See id.* ("The aforementioned documents . . . did not include any information regarding any FECA payments made to [Plaintiff]").
[51] *See Beavers v. Sec'y of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (citing *Combs v. Weinberger*, 501 F.2d 1361 (4th Cir. 1974)).
[52] *Id*.
[53] Tr. at 10.
[54] *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (emphasis added).

-8-

Case No. 1:16-CV-920
Gwin, J.

the question is whether the Appeals Council's decision—not the ALJ's—was supported by substantial evidence.

As discussed above, the Appeals Council supported its decision to reverse the ALJ by identifying specific points of disagreement in interpreting the evidence. While Plaintiff Garcia may have been simply mistaken in answering the July 2012 and March 2013 questionnaires, this Court cannot adopt the ALJ's decision over the Council's so long as substantial evidence supports the Council's conclusion.[55]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[56] The Administration's many attempts to verify whether Plaintiff Garcia was receiving workers' compensation payments support the Council's finding that Plaintiff did not disclose those payments until March 2014. The fact that the file also lacks the paperwork Plaintiff claims he submitted to the intake interviewer in February 2012 also supports the Council's decision.

For these reasons, the Court also rejects Plaintiff's third objection.

### V. Conclusion

For the foregoing reasons, this Court **DENIES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Recommendation, and **AFFIRMS** the Appeals Council's decision.

IT IS SO ORDERED.


Dated: August 7, 2017                    *s/     James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[55] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).
[56] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).